**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MALIK LEVANIA WARTHEN,

      Petitioner,

v.                                                                Case No. 3:26-cv-374-WWB-PDB

WARDEN, CLAY COUNTY JAIL,

      Respondent.

_____

## <u>ORDER</u>

Petitioner Malik Levania Warthen initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner challenges a state court (Clay County, Florida) judgment of conviction for possession with intent to sell a controlled substance.  According to Petitioner, he received ineffective assistance of counsel and was entrapped into committing the charged offense.  (*Id.* at 6–10).  After careful review, the Court concludes that it lacks jurisdiction over this action because Petitioner fails to meet the "in custody" requirement for habeas review.

Federal district courts may not entertain a petition for habeas corpus relief unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3), 2254(a).  The Supreme Court has interpreted the "in custody" language to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  Accordingly, once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. *Id.* at 491–92.  The custody requirement applies to § 2241 petitions.  *See Llovera v.*

*Florida*, 576 F. App'x 894, 897 (11th Cir. 2014) ("The Supreme Court has interpreted § 2241 as requiring a habeas petitioner to be 'in custody' under the conviction or sentence he seeks to attack at the time his petition is filed." (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968))).

In May 2024, Petitioner was sentenced in state court to twelve months' imprisonment for possession with intent to sell a controlled substance. (Doc. 21-6 at 19). By the time he brought this action in July 2025, Petitioner had finished serving his twelve-month sentence. Indeed, Petitioner states in his Petition that he "serv[ed] [his] sentence" and indicates that his "sentence" is "COMPLETED." (Doc. 1 at 1). Because Petitioner was not "in custody" when he filed this action, the Court lacks jurisdiction over his Petition. *See Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997) ("A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired."); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988) ("[Petitioner] must be 'in custody' . . . for the district court to have subject matter jurisdiction over a habeas petition attacking [his] . . . conviction.").

Perhaps recognizing that habeas relief is unavailable, Petitioner also seeks the issuance of a writ of *coram nobis*. (Doc. 3). "A writ of error *coram nobis* is available to vacate a [federal] conviction after the petitioner has served his sentence." *Llovera*, 576 F. App'x at 896. But "*coram nobis* is not available in federal courts as a means to attack state criminal judgments." *Id.*; *see also United States v. Utoh*, 767 F. App'x 899, 901 n.3 (11th Cir. 2019) (noting that defendant "cannot attack her state convictions in federal court with a writ of *coram nobis*"); *Garcon v. Florida*, 571 F. App'x 782, 783 (11th Cir. 2014) (same). Because he seeks to attack a state conviction in federal court, Petitioner is

ineligible for *coram nobis* relief.  *See Llovera*, 576 F. App'x at 897 ("[Defendant] seeks to challenge state, not federal, convictions in the instant petition. Accordingly, he is ineligible for *coram nobis* relief.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. Petitioner's Motion for Leave to File Exhibits and Supporting Memorandum of Law (Doc. 21) is **GRANTED** to the extent that the Court has considered Petitioner's exhibits and memorandum in addressing his Petition.

3. The Clerk shall enter judgment dismissing this case without prejudice and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on July 14, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
Malik Levania Warthen
Counsel of Record

3